UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO DANIEL G.-R.,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General of the United States; KRISTI NOEM, Secretary of the United States Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; WARDEN, California City Detention Center; SERGIO ALBARRAN, Immigration and Customs Enforcement San Francisco Field Office Director,<br><br>Respondents. | No. 1:26-cv-00397-KES-SAB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Jairo Daniel G.-R. is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.[1] Docs. 1, 3. The Court has previously addressed the legal issues raised by claim two of the petition. *See, e.g.*, *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025).

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

The Court informed the parties that it intended to rule directly on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *R.A.N.O. v. Wofford* and *Omer G. G. v. Kaiser* and that would justify denying the petition.  Doc. 5.  Respondents confirm that "[t]here appears to be no substantive distinction between this case and the other cases cited in the Court's minute order," Doc. 9 at 2, and the Court has previously addressed their arguments.  Respondents agree that judicial economy weighs in favor of the Court ruling directly on the petition and they indicate that they waive oral argument.  *Id.* at 1–2.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), and *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025), the petition for writ of habeas corpus is GRANTED as to claim two, for the reasons addressed in those prior orders.[2]

Respondents are ORDERED to release petitioner immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

    Dated:   January 23, 2026

                                                     _____
                                                     UNITED STATES DISTRICT JUDGE

---

[2] The Court need not address petitioner's other causes of action as petitioner is entitled to the relief he seeks based on the Court's ruling on claim two.